Burket, J.
The plaintiff in error requested the court of common pleas to charge the jury as follows:
“If you find that on the 30th day of November, 1894, the date of the policy, or when it was delivered to the plaintiff, Mrs. Sarah Howie Avas not in a state of sound health, you must find for the defendant." (Refused except as given in general charge. Exception by defendant.)
The general charge upon this subject was as follows: “And if you find that on the 30th day of November, 1894 — the date of the policy, or when it was delivered to plaintiff, Mrs. Sarah Howie was not in a state of sound health, and knowing that she was not in sound health, gave answers to these questions or receiAmd this policy because of the fraudulent answers which she had given to these questions, you should find for the defendant."
This charge is not the equivalent of the charge requested. The condition in the policy is that there shall be no obligation assumed by the company, unless upon the date of the policy the insured, the wife, shall be alive and in sound health. The matter of life and sound health is not made to depend upon her knowledge thereof, but upon the fact itself. She might be dead and not be conscious of it, and she' might be in unsound health and not know it, but either Avould alike defeat a recovery. The court mixed the law as to the condition in the policy, with the law applicable to answers to interrogatories in the application, and thereby committed an error. False answers to interrogatories are governed by Section *207 3625, Revised Statutes, but that section has no application to conditions contained in the policy itself,. The charge should have been given as requested.
The charge given by the court as to what constitutes sound health was as follows:
“Sound health as used with reference to life insurance, means that state of health free from any disease or ailment that affects the general soundness and healthfulness of the system seriously, and not a mere indisposition which does not tend to weaken or undermine the constitution of the assured. The word ‘serious’ is not generally used to signify a dangerous condition, but rather a grave or a weighty trouble.”
This is unobjectionable, and if the requested charge had been given in connection with this definition of sound health, the jury would have been correctly instructed upon this question.
There is another error in the record to which an exception ivas duly taken. The court charged the jury as follows:
“Whatever this policy states also in such terms and conditions as you will find printed either upon the face or the back of the policy, when persons accept a policy they accept its terms and conditions. They are held to know what the policy that they receive from the insurance company contains; so that, when you come to examine this policy — which you wall have in your jury room — the question may be considered concluded by you as to the acceptance of this policy with its terms and conditions, unless there is something in the evidence that satisfies you that the parties did not know and did not enter into this policy knowing its terms and conditions.”
The plaintiff below sued upon the policy as a whole, and his effort was to enforce the policy with all its conditions, and he averred in his petition that he and his wife had performed all the conditions of the policy, and he made no claim that he accepted the *208 policy without knowing its terms and conditions. The words in the above charge “unless there is something in the evidence that satisfies you that the parties did not know, and did not enter into this policy knowing its terms and conditions,” were outside of the case, and would naturally lead the jury to think that some of the conditions — as for instance, those as to life and sound health •— were not known and not entered into, and might therefore be disregarded.
For these two errors the judgment should be reversed and a new trial granted.

Judgment reversed.

There is also another case between the same parties, in which the defendant in error brought suit upon .two smaller policies, in which there was a verdict for the plaintiff below, judgment upon the verdict, affirmed by the circuit court, and brought here upon petition in error.
The same conditions as to life and sound health were in these policies as in the other policy, the same applications, the same averments in the answers to interrogatories being wi fully false and fraudulent, etc., and the same averment that the wife was not in sound health at the dates of the policies, or the times of their delivery.
The Insurance Company requested the following charges:
“II. If you find from the evidence that Mrs. Howie was not in sound health on the dates of the policies, you must find for the defendant.
III. If you find from th'e evidence that Mrs. Howie was not in sound health on the dates of the policies, but did not know it, you must find for the defendant.”
The charges were refused and proper exceptions taken. The court did not charge the jury upon the’ subject of sound health at the dates and delivery of the *209 policies as contained in the conditions, but as stated in the applications. Section 3625, Revised Statutes, applies to false answers to interrogatories in the application, but does not apply to conditions in the policy. The Company was therefore entitled to a charge as to sound health, based upon the conditions in the policies, independent of the answers to interrogatories in the applications. The only charge of the court as to sound health was as follows:
“But if the testimony does disclose, by a preponderance of it, that she was at that time suffering from any of the diseases named in the application, though she did not know it, though she had no reason to believe it, and the proof now satisfies you, or is of such a character as enables you rather, to find that was the condition of her physical health at that time, and the Company acted in good faith and so did she, then this plaintiff would be entitled to recover only the premiums paid upon these policies; and otherwise the defendant should have your verdict.”
This charge covers only diseases named in the applications, while the conditions in the policies are as to all diseases which constitute unsound health. The charge as given is therefore not as broad as the condition, and the refusal of the requests was error.
The Insurance Company also requested the following charge which was refused, and proper exception taken:
“VI. Sound health means that state of health which is free from any disease or ailment that affects the general healthfulness of the system seriously; not a mere indisposition.”
The court failed to charge upon the question as to what constitutes sound or unsound health, and in refusing to charge as requested, and in failing to charge the substance of the request, the court erred.
The plaintiff in error also claims that the court erred in charging the jury that the proof as to the *210 falsity of answers to interrogatories in tbe application must be “clear and convincing.” We think that there was no substantial error in this part of the charge.
Section 3625, Revised Statutes, provides that it must be clearly proved that the answers to interrogatories were wilfully false. The difference between “clearly proved,” and “proof clear and convincing,” is more fanciful than real. It is always safer to follow the words of a statute in a charge to a jury, but it is not error to use words with substantially the same meaning.
For failing to charge the jury as requested, as above shown, the judgment will be reversed and a new trial granted.

Judgments reversed.